UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                                  Case No. 08-12102
                                                        Chapter 13
CAMELLA DEVON MILLS,

    Debtor.

## ORDER DENYING CONFIRMATION
## OF DEBTOR'S MODIFIED PLAN

The debtor's motion to modify the chapter 13 plan came before the court at a confirmation hearing on September 5, 2012. The chapter 13 trustee opposed confirmation alleging that the modified plan was not proposed in good faith. For the following reasons, confirmation of the modified plan will be denied.

### Procedural History

The debtor filed this chapter 13 case on December 10, 2008. Her chapter 13 plan was confirmed on March 24, 2009. That plan provided for the payment of the secured claim of Farmers Furniture directly as opposed to through the chapter 13 trustee.

On September 24, 2009, and October 26, 2009, the debtor filed motions to modify the confirmed plan. The proposed modification, in so far as it concerned the Farmers Furniture claim, provided for its payment through the chapter 13 trustee as opposed to a direct payment to the creditor. On December 11, 2009, the modified plan was confirmed.

Through mistake, the chapter 13 trustee failed to include Farmers Furniture claim, and as a result, the claim was not paid through the trustee as was provided by the confirmed modified plan.

On May 24, 2012, the trustee filed a notice that the plan payments had

been completed. Thereafter, the trustee was informed by Farmers Furniture that its claim had not been paid in accordance with the modified plan. On July 9, 2012, the trustee withdrew the notice of plan payment completion in order that the payment of the Farmers Furniture claim be accomplished in accordance with the confirmed plan.

On July 24, 2012, the debtor filed another modified plan wherein she proposed to surrender the collateral that she had purchased from Farmers Furniture and thereafter, to treat Farmers Furniture's claim as an unsecured one.

Legal Conclusion

At any time after confirmation of a plan but before completion of payments thereunder, the plan may be modified by the debtor. *See* 11 U.S.C. § 1329(a). The modified plan, however, may not be confirmed unless it meets the requirements of 11 U.S.C. § 1325(a). *See* 11 U.S.C. 1329(b). One of those requirements is that the plan has been proposed in good faith and not by any means forbidden by law. S*ee* 11 U.S.C. § 1325(a)(3).

The Court of Appeals for this circuit considered the good faith requirement of § 1325(a)(3) in *Kitchens v. Georgia Railroad Bank & Trust Co. (In re Kitchens)*, 702 F. 2d 885 (11th Cir. 1983). The court held that good faith, which defies comprehensive definition, is determined based on the totality of the circumstances in each case: has there "been an abuse of the provisions, purpose or spirit" of the relief provided by chapter 13? *Id.* at 888. The court went on to enumerate a list of factors which a bankruptcy court must consider in determining whether the statutory requirement of good faith is satisfied.[1] These factors, however, are not exhaustive.

---

[1]When considering whether a chapter 13 plan has been proposed in good faith, a bankruptcy court must consider the following factors; (1) amount of the debtor's income from all sources; (2) living expenses of the debtor and his dependents; (3) amount of attorney fees; (4) probable or expected duration of the debtor's chapter 13 plan; (5) motivations of the debtor and his sincerity in seeking relief under the provisions of chapter 13; (6) debtor's degree of effort; (7) debtor's ability to earn and likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) frequency with which debtor has sought relief under Bankruptcy Reform Act and its predecessors; (10) circumstances under which the debtor has

Indeed, the *Kitchens* court noted that:

> The Eight Circuit court amplified the tenth factor, stating that the bankruptcy court should consider the extent to which the claims are modified and the extent of preferential treatment among classes of creditors.

*Id.* at 889.

In considering the debtor's current plan modification, her bona fides, or lack thereof, in dealing with the claim of Farmers Furniture is called into question. Here, due to a clerical error, Farmers Furniture's secured claim was not paid in accordance with the debtor's first modified plan. Had it been, the Farmers Furniture claim would have been paid through the course of the plan just as the debtor proposed. To modify the plan at this late date and after the debtor has enjoyed the use of the collateral for almost four years, takes unfair advantage of a clerical mistake to the detriment of the creditor. This plan modification would be an abuse of the spirit and purpose of the relief provided by chapter 13.

## Conclusion

For the foregoing reasons, it is

ORDERED that the trustee's objection to confirmation of the debtor's modified plan is SUSTAINED and confirmation is DENIED.

Done this the 6th day of September, 2012.

---

contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors; and (11) burden which plan's administration would place on the trustee. In addition, the court may consider the type of debts to be discharged and whether such debts would be nondischargeable under chapter 7, and accuracy of plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court. *See In re Kitchens*, 702 F. 2d 888-89.

/s/ Dwight H. Williams, Jr.
                                        United States Bankruptcy Judge

c: Debtor
   Michael D. Brock, Debtor's Attorney
   Curtis C. Reding, Trustee
   Farmers Furniture, Creditor